```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TYRICE AUSTIN                                        :
                                                    :
                             Plaintiff,             :          22-CV-1645 (RWL)
                                                    :
           - against -                              :
                                                    :          **ORDER**
                                                    :
METRO-NORTH COMMUTER RAILROAD                        :
                                                    :
                             Defendant.             :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Trial of this personal injury case under the Federal Employer's Liability Act is scheduled to take place soon. Plaintiff has provided a disclosure, pursuant to Fed. R. Civ. P. 26(a)(2)(C), identifying three treating doctors who will provide expert opinion testimony. In advance of trial, Defendant Metro-North has moved in limine to preclude the testimony of all three named medical experts, or, in the alternative, to limit their testimony to such medical opinions as are found within each respective doctor's treatment records as exchanged. (Dkt. 25.) The motion is granted in part and denied in part.

The Federal Rules of Civil Procedure designate two types of expert disclosure. The disclosure for a witness who is "retained or specially employed to provide expert testimony" must include a written report containing "a complete statement of all opinions the expert will give and the basis and reasons for them" together with exhibits, a list of the expert's qualifications, and a list of previous testimony. Rule 26(a)(2)(B). In contrast, the disclosure for a witness that has not been "retained or specially employed" is not as exacting, requiring only a description of "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the

1

witness is expected to testify."  Rule 26(a)(2)(C).  The distinction is significant and important to keep in mind when the testimony of a treating physician is at issue.  That is because "treating physician testimony can be of three different types:  (1) testimony limited to facts acquired and opinions formed during consultation; (2) testimony that also includes reliance on outside sources, such as another doctor's records or opinions or facts acquired as part of litigation; and (3) testimony where circumstances suggest the doctor was retained or specially employed to provide expert testimony." *Glaudino v. Long Island Railroad Company*, No. 20-CV-1159, 2021 WL 4754769, at *2 (S.D.N.Y. Oct. 12, 2021) (quoting *Rodriguez v. Village of Port Chester*, 535 F. Supp.3d 202, 214 (S.D.N.Y. 2012) (internal brackets removed); *see also Csikos v. S.M. Construction & Contracting, Inc.*, No. 18-CV-9598, 2022 WL 3211462, at *7 (S.D.N.Y. Aug. 9, 2022) (same).  "Whereas the third category requires compliance with Federal Rule of Civil Procedure 26(a)(2)(B), the first requires no Rule 26 disclosure and the second falls under the purview of Rule 26(a)(2)(C)."  *Rodriguez*, 535 F. Supp.3d at 214.

Here, Plaintiff has provided a disclosure pursuant to Rule 26(a)(2)(C), the second category.  If the disclosure satisfies the requirements of that provision, the three treating doctors would be permitted to testify not only about facts and opinions formed during consultation and treatment, but also opinions that rely on outside sources, including the records of or opinions learned from each other or acquired as part of the litigation.  *See Glaudino*, 2021 WL 4754769, at *2; *Rodriguez*, 535 F. Supp. at 214.

"In evaluating whether a disclosure meets the requirements of Rule 26(a)(2)(C), courts consider whether the subject disclosure helps the opposing party and the Court understand what the physician will offer ***specifically*** on the subject matter for which they were disclosed, in terms of facts and medical opinions.  The disclosure must be sufficient

to give the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. The disclosure therefore must provide the subject matter of the physician's intended testimony coupled with **specific facts** and more than bare minimum details of opinions formed therefrom." *Glaudino*, 2021 WL 4754769, at *2 (quoting *Rodriguez*, 2021 WL 1644226, at *7) (internal quotation marks and citations omitted) (second emphasis added).

The disclosure Plaintiff has provided does not meet the requirements of Rule 26(a)(2)(C). The disclosure uses the exact same verbiage for each of three doctors and sets forth mere generic boilerplate that could be used for virtually any doctor's disclosure. Without setting forth the entirety of the disclosure language, suffice to say it is virtually identical to the lengthy generic boilerplate found insufficient in *Glaudino*. *See* 2021 WL 4754769, at *1. The disclosure is chock full of generalities, and even includes material that is irrelevant to the instant dispute. *See*, *e.g.*, Dkt. 25-2 at 2, 3, 5 (stating, for each doctor, that they will rely on the records and tests conducted by "any psychologists, social workers, therapists, and any others involved in the care, treatment, diagnosis, prognosis of any and all … psychological and or psychiatric disorders, conditions, or syndromes" even though Plaintiff does not allege any such conditions). There are no specifics whatsoever; the closest the disclosure comes is to say that each doctor will testify that Plaintiff suffered injury to his "ankle/foot on the job." *Id.* at 3, 4, 5.; *cf. Glaudino*, 2021 WL 4754769, at *3 (finding disclosures insufficient where "[r]ead generously," they put defendant on notice that the treating doctors would opine that plaintiff's alleged job accident caused him to suffer shock, anxiety, hypervigilance, PTSD, and lack of sleep).

To be sure, disclosures under Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)" and should not contain "undue detail." Fed.

R. Civ. P. 26 advisory committee's note to 2010 amend.  But "Plaintiff's disclosures are so bare-bones as to deprive Defendants of any reasonable opportunity to prepare for cross examination or arrange for rebuttal expert testimony."  *Glaudino*, 2021 WL 4754769, at *3; *see also Rodriguez*, 535 F. Supp.3d at 216 (granting defendants' motion to preclude testimony from treating doctor that expressly addresses testimony of another doctor's report, "or the opinions of any other physicians, as those subjects are beyond the scope of both [the doctor]'s Federal Rule of Civil Procedure 26(a)(2)(C) disclosure and his treatment of Plaintiff").

Plaintiff asks this Court to find his disclosure compliant with Rule 26(a)(2)(C), citing *Csikos*, where the court found a disclosure satisfactory even if "not as detailed as Defendant might have liked."  2022 WL 3211462 at *8.  *Csikos*, however, does not help Plaintiff.  There, the issue was whether a single treating doctor would be allowed to address the plaintiff's future medical needs and costs.  *Id.* at *7-8.  The Court is not precluding such testimony here so long as it is based on the doctor's own treatment of the Plaintiff.

Accordingly, the Court will not preclude any of the three treating doctors from testifying, but grants in part the alternative motion to limit testimony.  Each treating doctor may offer opinions limited to diagnosis, treatment, prognosis, and causation, based solely on the information they acquired through their treatment of Plaintiff; they may not offer opinions based on the opinions of any other doctor or any information learned through litigation.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 25.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2023
       New York, New York

Copies transmitted this date to all counsel of record.